IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TAMARA G. WILLIAMS,
        Plaintiff,


vs.                                                     Case No. 08-1162-JTM


MICHAEL J. ASTRUE,
COMMISSIONER OF
SOCIAL SECURITY ADMINISTRATION,
        Defendant.


MEMORANDUM AND ORDER

Presently before this court is plaintiff Tamara Williams's petition for review of a final decision of the Commissioner of Social Security. (Dkt. No. 7). Williams's application for supplemental security income and disability insurance benefits was denied initially and upon reconsideration.   (Tr. at 33-38 and 41-45).   Plaintiff requested a hearing, after which the Administrative Law Judge ("ALJ") issued an unfavorable decision on September 25, 2007. (Tr. at 15-25).  The Appeals Council denied review on March 28, 2008 (Tr. at 7-10), which renders the ALJ decision the final decision of the Commissioner.  For the following reasons, this court denies the appeal and affirms the decision of the ALJ.

Plaintiff relies on three claims of error: 1) the ALJ erred by finding her mental disorders to be non-severe; 2) the ALJ improperly assessed her residual functional capacity ("RFC"); and 3) the ALJ improperly discounted her testimony.

1

This court's review is limited to determining whether, taking the record as a whole, substantial evidence supports the ALJ's decision and whether the ALJ applied the correct legal standards. *Hamilton v. Sec'y of HHS*, 961 F.2d 1495, 1497 (10th Cir. 1992); *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004); *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003). "A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Langley*, 373 F.3d at 1118; *Hamlin*, 365 F.3d at 1214. Reversal is appropriate if the agency fails to apply the correct legal standards or fails to demonstrate reliance on the correct legal standards. *Hamlin*, 365 F.3d at 1214.

Under 20 C.F.R. § 404.1512(a), plaintiff must demonstrate that she was unable to work because of a medically determinable impairment which lasted for a continuous period of at least 12 months. *See* 20 C.F.R. § 404 1512(a). *See also Mathews v. Eldridge*, 424 U.S. 319, 336 (1976); *Barnhart v. Walton*, 535 U.S. 212 (2002) (upholding the Commissioner's interpretation of the statutory definition which requires that the disability, not only the impairment, must have existed or be expected to exist for 12 months). The Commissioner's regulations set forth a mandatory five-step sequential evaluation process ("SEP") for assessing disability claims. *See* 20 C.F.R. § 404.1520 (2005). In steps 1-3, the ALJ must determine whether plaintiff is engaged in substantial gainful activity, whether she has a medically determinable impairment that is "severe" under the Act, and whether plaintiff suffers from an impairment that meets or equals any impairment listed in 20 C.F.R. pt. 404, subpt. P, App.1. *Id*. At step four of the process, the ALJ must address three phases in making a determination. *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996). The first

2

phase requires an evaluation of the claimant's RFC.  *Id.* at 1023.  The second phase entails an examination of the demands of the claimant's past relevant work.  *Id.*  In the third phase, "the ALJ determines whether the claimant has the ability to meet the job demands found in phase two despite the mental and/or physical limitations found in phase one."  *Id.*  Specific findings are required at all phases. *Id.*

Here, the ALJ determined that plaintiff suffered from severe impairments of degenerative disc disease of the lumbar and cervical spine, synovial hypertrophy of bilateral knee compartments, and status post bilateral carpal tunnel releases.  (Tr. at 17).  However, he found that plaintiff did not have an impairment or combination of impairments that met or equaled any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, Listing of Impairments.  (Tr. at 18).  The ALJ concluded that plaintiff could perform a full range of sedentary work, (Tr. at 18) although she could not perform her past relevant work.  (Tr. at 24).

Plaintiff first alleges that the ALJ erred when he found her mental disorders to be non-severe.  Plaintiff alleges she became disabled beginning October 10, 2004.  (Tr. at 74).  The ALJ found the plaintiff's symptoms related to depression, generalized anxiety, and post-traumatic stress disorder are non-severe based on the lack of evidence showing functional limitations that meet the durational requirements.  (Tr. at 17).  He noted that her psychological symptoms cause only mild restrictions in: 1) daily living activities; 2) social functioning; 3) maintaining concentration, persistence or pace; and there were no repeated episodes of decompensation.  (Tr. at 17-18).

Plaintiff did not meet her burden of showing that her mental impairments are severe.  *See Bowen v. Yuckert*, 482 U.S. 137, 146 (1987) (the claimant bears the burden of demonstrating that impairments are severe).  She did not seek psychiatric treatment until 2007, which is more than two

3

years after her alleged disability onset date.  (Tr. at 267-71).  Dr. Schell's opinion is that plaintiff has functional deficits from a mental impairment.  **(**Tr. at 267-71 and 310-14**).**  However, the record does not support such a finding.  In fact, the mental status examinations in 2007 were all normal and plaintiff's prognosis was listed as good.  (Tr. at 332-39).  Dr. Allen noted that plaintiff had only very mild impairment and could manage job duties, carry out instructions and work around other people.  (Tr. at 236).  The ALJ noted that Dr. Schell was not an exclusive treating source and plaintiff's other providers did not indicate any serious functional deficits.  (Tr. at 332-39, 316-30).  The ALJ's finding that plaintiff's mental disorders are non-severe is supported by substantial evidence.

Plaintiff asserts that the ALJ improperly discounted her testimony.  The ALJ found although plaintiff's impairments could produce the alleged disabling symptoms, the evidence did not support the degree of symptoms and limitations plaintiff alleged.  (Tr. at 18-24).  In support of his concerns regarding plaintiff's credibility, he noted the following : 1) inconsistencies between plaintiff's subjective allegations and the objective medical evidence; 2) plaintiff's treatment; 3) work history; and 4) inconsistencies between plaintiff's subjective allegations and her activities.  (Tr. at 18-23).

X-rays of the plaintiff's lumbar and cervical spine in June 2005 showed only mild degenerative changes and the MRI scans showed only mild disk bulges and mild degenerative changes.  (Tr. at 189 and 159-60).  A MRI of the lumbar spine in March 2007 showed degenerative changes but no significant stenosis or other acute abnormality, and the nerve conduction studies of the lower extremeties were normal.  (Tr. at 307-08).  A diskogram on July 2007 showed no bulging disks.  (Tr. at 286-88).  Dr. Treweeke, plaintiff's primary care doctor, noted that physical therapy helped her symptoms.  (Tr. at 324).  Dr. Estivo noted great improvement in August 2005 from

4

plaintiff participating in physical therapy. (Tr. at 183-84). The ALJ appropriately took into consideration that plaintiff's treatment has been effective. *See* 20 C.F.R. §§ 404.1529 and 416.929 (effectiveness of medication and treatment is appropriate credibility factor); *Qualls v. Apfel*, 206 F. 3d 1368, 1372 (10th Cir. 2000). The ALJ considered plaintiff's many daily activities and found them to be consistent with the RFC finding but not with the extent of her extreme subjective allegations. (Tr. at 22). The Tenth Circuit has held that comparing daily activities to the allegations of a disabling symptom is a proper credibility consideration. *Bean v. Chater*, 77 F.3d 1210, 1213 (10th Cir. 1995). Plaintiff's work history casts doubt on her credibility and motivation for work because her earnings varied widely from year to year. In 1996, she had no income at all, in 1998, she had over $29,000 and the amounts dropped substantially in 2002, which is prior to her alleged disability date. *See Bean v. Chater*, 77 F.3d 1210, 1213 (10th Cir. 1995) (lack of motivation to work is proper consideration when determining credibility of subjective complaints).

The ALJ properly considered plaintiff's credibility according to the regulations, *see* 20 C.F.R. § 416.929, and determined that her subjective allegations were not entirely credible. "[T]he ALJ must decide whether a claimant's subjective claims of pain are credible, considering such factors as 'a claimant's persistent attempts to find relief for his pain and his willingness to try any treatment prescribed, regular use of crutches or a cane, regular contact with a doctor . . . , the claimant's daily activities, and the dosage, effectiveness, and side effects of medication.'" *Barnett v. Apfel*, 231 F.3d 687, 690 (10th Cir. 2000) (quoting *Luna v. Bowen*, 843 F.2d 161, 165-66 (10th Cir. 1987)). The ALJ's credibility determination is supported by substantial evidence.

Plaintiff next claims the ALJ improperly assessed her RFC based on his failure to include limitations from conditions of carpal tunnel syndrome, radiculopathy, and mental impairment. (Dkt.

5

No. 7 at 20 - 22).  Plaintiff had surgery for the carpal tunnel syndrome in 2001 and continued to work with the condition.  (Tr. at 63 and 349).  The ALJ concluded that radiculopathy and the carpal tunnel syndrome did not satisfy the severity requirements since there is no evidence that she has a limitation of motion or an inability to ambulate effectively or perform fine and gross movements.  (Tr. at 18).  He considered: 1) all of plaintiff's symptoms; 2) whether the symptoms were consistent with the objective medical evidence and other evidence; and 3) the opinion evidence.  (Tr. at 18).  He found "the objective medical evidence including the course of treatment and the location, duration, frequency, and intensity of the claimant's symptoms are fully consistent with the above residual functional capacity but are inconsistent with the allegations of disability."  (Tr. at 20).  There is substantial evidence to support the ALJ's assessment of plaintiff's RFC.

IT IS ACCORDINGLY ORDERED this 6th day of April 2009, that plaintiff's appeal is denied.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE